1

**DAVID B. JONELIS (SBN 265365)**
**djonelis@lavelysinger.com**

2

**MEGAN S. MALLONEE (SBN 340276)**
**mmallonee@lavelysinger.com**

3

**LAVELY & SINGER**

4

**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400

5

Los Angeles, California 90067-2906

6

Telephone: (310) 556-3501

7

Attorneys for Defendant

8

TYLER BATES

9

10

**UNITED STATES DISTRICT COURT**

11

**CENTRAL DISTRICT OF CALIFORNIA**

12

13

AZAM ALIAFGERAD p/k/a AZAM

14

ALI, an Individual;

15

             Plaintiff,

16

     vs.

17

TYLER BATES, an individual; and

18

DOES 1-10, inclusive,

19

             Defendants.

20

21

22

Case No.  2:24-cv-10721

**NOTICE OF MOTION AND
MOTION TO DISMISS
PURSUANT TO FRCP 12(B)(6);
MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT
THEREOF**

Date:  April 3, 2025
Time: 10:00 a.m.
Ctrm: 5B
Judge: Hon. Hernán D. Vera

23

24

25

26

27

28

7676-2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLEASE TAKE NOTICE** that on April 3, 2025 at 10:00 a.m., or as soon thereafter as this matter may be heard, in the United States District Court for the Central District of California, located at First Street Courthouse, 350 W. 1st Street, Courtroom 5B, 5th Floor, Los Angeles, California 90012, the Honorable Hernán D. Vera presiding, Defendant TYLER BATES ("Defendant") will and hereby does move the Court for an Order under Federal Rule of Civil Procedure 12(b)(6) to dismiss the first, second, and third claims for relief asserted by Plaintiff AZAM ALIAFGERAD p/k/a AZAM ALI's ("Plaintiff") on the grounds that (1) all three claims are preempted under the Copyright Act, and (2) the second and third claims fail to state a cause of action for which relief can be granted.

This Motion is made following the telephonic conference of counsel pursuant to Local Rule 7-3, which took place on February 13, 2025.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and oral argument as may be presented to the Court.

Dated:        February 28, 2025            LAVELY & SINGER
                                           PROFESSIONAL CORPORATION
                                           DAVID B. JONELIS
                                           MEGAN S. MALLONEE

                                           By:   */s/David B. Jonelis*
                                                 DAVID B. JONELIS
                                           Attorneys for Defendant TYLER BATES

# <u>TABLE OF CONTENTS</u>

**Page(s)**

I.    INTRODUCTION ................................................................................ 6

II.   STATEMENT OF RELEVANT FACTS ............................................ 8

III.  ARGUMENT ................................................................................... 10

  A.  Legal Standard For a 12(b)(6) Motion ................................... 10

  B.  Plaintiff's State Law Claims Are Preempted by Copyright Law and Must Be Dismissed As Such. ............................................. 11

  C.  Separate and Apart From Preemption, Plaintiff's Implied Covenant Cause of Action Must Be Dismissed As Superfluous Under California Law ....................... 13

  D.  Separate and Apart From Preemption, Plaintiff's Breach of Confidence Cause of Action Must Be Dismissed Due To An Admitted Lack of Any Confidential Information. ............................................... 14

IV.   CONCLUSION ............................................................................... 16

MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Ambry Genetics Data Breach Litig.*,
    567 F. Supp. 3d 1130 (C.D. Cal. 2021) ........................................................15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................10, 11

*Balistreri v. Pacifica Police Dept.*,
    901 F.2d 696 (9th Cir. 1990) ..............................................................10

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................10

*Careau & Co. v. Security Pac. Bus. Credit, Inc.*,
    222 Cal.App.3d 1371 (1991) ..............................................................13

*Design Art, Inc. v. National Football Leage Properties, Inc.*
    2000 WL 33151646 (S.D. Cal. Aug. 18, 2000)..................................12

*Endemol Ent. B.V. v. Twentieth Television Inc.*,
    1998 WL 785300 (C.D. Cal. Sept. 29, 1998) .....................................12

*Ent. Rsch. Grp., Inc. v. Genesis Creative Grp., Inc.*,
    122 F.3d 1211 (9th Cir. 1997) .......................................................14, 15

*Laws v. Sony Music Ent., Inc.*,
    448 F.3d 1134 (9th Cir. 2006) ............................................................12

*Metrano v. Fox Broad. Co.*,
    No. CV-00-02279 CAS.......................................................................12

*Papasan v. Allain*,
    478 U.S. 265 (1986)............................................................................10

*Ryan v. Editions Ltd. W, Inc.*,
    786 F.3d 754 (9th Cir. 2015) ..............................................................11

*Schertzer v. Bank of Am., NA*,
    109 F.4th 1200 (9th Cir. 2024) ...........................................................13

*Spinks v. Equity Residential Briarwood Apartments*,
    171 Cal. App. 4th 1004 (2009) ...........................................................14

4

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011) ................................................................10

*Sybersound Recs., Inc. v. UAV Corp.*,
    517 F.3d 1137 (9th Cir. 2008) ...............................................................11

*Weygand v. CBS Inc.*,
    1997 WL 377980 (C.D. Cal. May 21, 1997) ...........................................15

**Statutes**

17 U.S.C. § 102(a) ....................................................................................11

17 U.S.C. § 106 ........................................................................................12

17 U.S.C. §106(a) .....................................................................................13

17 U.S.C. § 301(a) ....................................................................................11

Fed. Civ. Proc. Rule 8(a) .........................................................................10

Fed. Civ. Proc. Rule 12(b)(6).....................................................................10

MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

To put it bluntly, the Complaint filed in this action by Plaintiff AZAM ALIAFGERAD p/k/a AZAM ALI's ("Plaintiff") is a complete and utter <u>sham</u>. Indeed, as the evidence will show (once this motion disposes of Plaintiff's improper state court claims), Plaintiff filed her <u>patently false</u> and <u>intentionally inflammatory</u> Complaint herein for the sole purpose of publicly embarrassing Defendant TYLER BATES ("Bates") and smearing his reputation after he failed to "come to the table"[1] in response to her pre-litigation threats.  Consequently, despite doing absolutely nothing wrong (other than, in hindsight, choosing to work with Plaintiff), Bates has now been inequitably forced to spend time and money <u>clearing his name</u> of false allegations that (as Plaintiff is well-aware) should <u>never have been brought</u> in the first place.[2]

As the evidence will show, the very premise of Plaintiff's Complaint – namely, that Bates somehow used her vocal recordings without permission and without compensating her – is provably <u>untrue</u>.  To the contrary, Plaintiff was appropriately paid by Bates (at an above market rate) for each and every project that she worked with him on, and he never once used her vocals in connection with any other projects (with or without her permission).[3]  Nor would it have been necessary for Bates to use Plaintiff's

---

[1] Words used in quotations in this Introduction are taken verbatim from the evidentiary materials that will be presented by Bates in defense of Plaintiff's meritless claims.

[2] Notably, as the evidence will show, this lawsuit is simply the latest attempt by Plaintiff to disingenuously take credit for other's contributions. For example, Plaintiff's Complaint fails to mention that she previously made two knowingly false claims in connection with certain vocal recordings used on the *John Wick* soundtrack and in the 2011 film *Conan the Barbarian*.

[3] In fact, despite having no obligation to do so under industry custom, Bates generously gave Plaintiff a meaningful percentage of the profits from the *300* movie soundtrack, which became one of the highest-selling soundtracks of all time. Plaintiff's Complaint also conveniently fails to mention how Bates regularly performed on her records without compensation or credit, purely out of respect for her and what he believed to be their friendship.

vocals on other projects, given that there are numerous vocalists who can sing in a similar style to Plaintiff (and whose services are provided without a side dish of litigation). In this regard, while Plaintiff's Complaint delusionally refers to her "unique voice" and the "scarcity of her talents," the reality is that she is but one of countless vocalists who perform the same type of Middle-Eastern-inflected vocals.

As the evidence will also show, with respect to the two specific projects that Plaintiff now claims contain the unauthorized use of her voice – the videogame *Army of Two: The 40th Day* and the animated television show *Primal* – it is well-documented (including in the isolated source vocal recordings) that Plaintiff's vocals were <u>never</u> used in those projects. Rather, the vocalist in *Army of Two: The 40th Day* was an artist named Leah Cachia (the wife of Bates' co-producer on that project) and the vocalist in *Primal* was the world-renowned Faroese singer-songwriter Eivør. In fact, Plaintiff's Complaint neglects to disclose that, prior to the filing of this lawsuit and in response to Plaintiff's threatened claims, Bates provided Plaintiff with an affidavit from the person who was "personally responsible" for mixing and delivering all of the "master files of the entire soundtrack" for *Army of Two, The 40th Day*, and who was present for all of the recording sessions. That affidavit unequivocally confirmed, on personal knowledge, that (1) "Leah Cachia sang all the solo vocal performances," (2) "Leah Cachi was the <u>only</u> solo vocalist used on the project," and (3) "Azam Ali was <u>not</u> part of the production in any way." Yet Plaintiff (who, by her own admission, was not present for the recording sessions and thus has no actual knowledge of who sang the vocals) still proceeded to file this meritless lawsuit.

Critically, however, it is not even necessary to look at any evidence in order to dispose of the lion's share of what Plaintiff has asserted in her Complaint. Rather, based solely on the words contained in the Complaint itself, three of Plaintiff's four causes of action can (and must) be dismissed now under well-settled federal and state law. Hence this motion.

MOTION TO DISMISS

As set forth herein, consistent with Plaintiff's malintent in bringing this case, she has improperly attempted to transform a simple (albeit baseless) dispute over who owns the copyright in certain vocal tracks into an alleged dispute over (1) violation of purported express and implied contractual terms, and (2) disclosure of purportedly confidential information.  Unfortunately for Plaintiff, however, federal law is clear that a copyright claim by any other name is still a copyright claim.  Thus, because Plaintiff's first three causes of action, which purport to assert California state law claims for breach of contract, breach of the implied covenant of good faith and fair dealing and breach of confidence, are nothing more than disguised copyright claims, those causes of action must be dismissed under the doctrine of <u>federal copyright preemption</u>.

Moreover, even without the doctrine of preemption, Plaintiff's second cause of action for breach of the implied covenant of good faith and fair dealing and third cause of action for breach of confidence are still legally deficient – due to the superfluous nature of the implied covenant claim and the lack of any confidential information to support the breach of confidence claim.  Thus, those causes of action are independently subject to dismissal under California law.

Accordingly, for all the reasons stated herein, Bates respectfully seeks dismissal of Plaintiff's first, second, and third causes of action. Once those claims have been dismissed, Bates looks forward to vindicating his reputation and disposing of Plaintiff's remaining cause of action based on the actual evidence – which evidence will expose this lawsuit for the smear campaign that it is.

## II.    STATEMENT OF RELEVANT FACTS

As alleged in Plaintiff's Complaint,[4] Plaintiff is a vocalist who previously worked with Bates in connection with four publicly-distributed films for which he produced the

---

[4]  Although Plaintiff's factual (but not legal) allegations must be treated as true solely in connection with the determination of this motion, Bates vehemently disputes the truth of many of those allegations.  Moreover, the <u>actual evidence</u> will show that Plaintiff's allegations, as a whole, are meritless.

score: *Night at the Golden Eagle*, *Dawn of the Dead*, *300* and *Doomsday* (hereinafter referred to as the "Prior Projects"). Complaint at ¶¶1, 20. Plaintiff admits that she was never employed by Bates and never signed any paperwork with Bates regarding her work on the Prior Projects. *Id.* at ¶ 22.

Although Plaintiff admits that she was never employed by Bates and never entered into written agreements with him, she nevertheless claims that she performed her vocals on the Prior Projects "in exchange" for purported "express and implied obligations" – namely, that Bates would "disclose the use of [Plaintiff's] work when incorporated into a commercial project, compensate her for such use (whether directly or through the project's producer), and afford [her] the opportunity to seek appropriate credit for the use." *Id.* at ¶ 43.

Plaintiff's Complaint purports to assert four separate claims for relief: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) breach of confidence, and (4) declaratory relief.  However, all of these claims are effectively premised on the same foundational allegation: *i.e.*, <u>that Bates supposedly used her vocal recordings, for which she is allegedly the "sole copyright author," without her authorization</u>.  More specifically, Plaintiff contends that "in early 2023," she discovered that "her voice had been utilized by Bates" on an unspecified soundtrack "without her knowledge or permission." *Id.* at ¶¶ 35-36. Plaintiff also claims that she then reviewed "select projects from Bates' work history" and was able to identify <u>two specific projects</u> – (1) the videogame *Army of Two: The 40th Day* and (2) the animated television series *Primal* – that supposedly contained "the unauthorized use of her voice." *Id.* at ¶ 39. Plaintiff further claims that Bates told her that he "made an EXS 24 sample" from her voice and allegedly "included samples of [her] voice in audio libraries that were then distributed to his collaborators." *Id.* ¶¶ 37, 38.

Based on the above-described allegations, Plaintiff asserts that there is a purported "controversy" between her and Bates "concerning their respective rights and duties in that [Plaintiff] alleges (a) she is the sole ***copyright*** author of any works embodied in the

MOTION TO DISMISS

sound recordings of her vocal performances provided to Bates and (b) Defendants [*i.e.*, Bates and other unnamed "Doe" defendants] have no right to exploit [Plaintiff's] ***copyrighted*** works." *Id.* at ¶70 (emphasis added). Plaintiff also makes clear in the "Jurisdiction and Venue" section of her Complaint that "this action ***arises under the Copyright Laws*** of the United States." *Id.* at ¶16 (emphasis added).

## III. ARGUMENT

### A. Legal Standard For a 12(b)(6) Motion

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes this Court to dismiss a claim that fails to state a cause of action upon which relief can be granted. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a court generally must accept allegations as true, this legal tenet "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* As the Ninth Circuit more recently held, "factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

To survive a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Federal Rule of Civil Procedure 8(a) "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* The rule "does not unlock the doors

1    of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-679.

2    Accordingly, a complaint merely offering "labels and conclusions or a formulaic

3    recitation of the elements of a cause of action will not do." *Id.* "Nor does a complaint

4    suffice if it tenders naked assertions devoid of further factual enhancement." *Id.*

5    **B.**    **Plaintiff's State Law Claims Are Preempted by Copyright Law and**

6    **Must Be Dismissed As Such.**

7    Plaintiff's first, second and third claims (which arise solely under California state

8    law) must be dismissed because they are preempted under the Copyright Act.

9    The Copyright Act preempts all claims based on any "legal or equitable rights that

10   are <u>equivalent</u> to any of the exclusive rights within the general scope of copyright ... and

11   come within the subject matter of copyright." 17 U.S.C. § 301(a) (emphasis added).

12   Thus, state law claims are preempted where (as here) "(1) the work at issue falls within

13   the scope of copyright subject matter, and (2) the law at issue grants rights equivalent to

14   any of the exclusive rights within the scope of copyright." *Ryan v. Editions Ltd. W, Inc.*,

15   786 F.3d 754, 760 (9th Cir. 2015). Plaintiff's claims in this case meet both requirements

16   for preemption and must therefore be dismissed. *See, e.g., Sybersound Recs., Inc. v. UAV*

17   *Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008) ("To the extent the [alleged state law

18   violation] is based on copyright infringement, the claim was properly dismissed because

19   it is preempted").

20   With respect to the first requirement for preemption, Section 102 of the Copyright

21   Act defines the "subject matter of copyright" as encompassing "original works of

22   authorship fixed in any tangible medium of expression" – including specifically "sound

23   recordings." 17 U.S.C. § 102(a).  Thus, the first requirement is satisfied here because all

24   three of Plaintiff's state law claims undeniably arise out of the alleged use of <u>sound</u>

25   <u>recordings</u> of her voice. *See, e.g.,* Complaint at ¶ 46 (Bates allegedly breached a contract

26   by "exploiting [Plaintiff's] recordings"); ¶¶ 49-50 (Bates alleged breached the implied

27   covenant by using "recordings of [Plaintiff's] voice" without her "knowledge or

28

11

consent"); ¶ 59 (Bates allegedly breached Plaintiff's confidence by "appropriating her vocals").

With respect to the second requirement for preemption, the key issue is whether "the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders." *Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134, 1138 (9th Cir. 2006).  In other words, is the defendant alleged to have violated rights equivalent to those that already exist under the Copyright Act?  For example, the plaintiff in *Laws* had asserted California state law claims – for violation of her right of privacy and right of publicity – based on the alleged unauthorized use of samples of her voice by the defendant record company.  *Id.* at 1144 ("Laws's claims are based on the premise that Sony reproduced a sample of 'Very Special' for commercial purposes without her permission").  In holding that those claims were preempted under the Copyright Act, this Circuit explained:

> Although the elements of Laws's state law claims may not be identical to the elements in a copyright action, the underlying nature of Laws's state law claims is part and parcel of a copyright claim. Under the Act, a copyright owner has the exclusive right "to reproduce the copyrighted work."

*Id.*  *See also Metrano v. Fox Broad. Co.*, No. CV-00-02279 CAS JWJX, 2000 WL 979664, *6 (C.D. Cal. Apr. 24, 2000) (breach of implied contract claim, based on allegations that the defendant "had implicitly agreed" to "compensate or credit plaintiff" for the use of her alleged work" was preempted"); *Design Art, Inc. v. National Football Leage Properties, Inc.* 2000 WL 33151646, at *5 (S.D. Cal. Aug. 18, 2000) (breach of confidence claim preempted because "breach of an implied obligation not to use or copy materials within the subject matter of copyright is equivalent to the protection provided by section 106 of the Copyright Act."); *Endemol Ent. B.V. v. Twentieth Television Inc.*, 1998 WL 785300, at *6 (C.D. Cal. Sept. 29, 1998) (noting that cases holding that contractual rights may be different from those protected by copyright law "involved

*written contracts* that had *specific promises* that provided an 'extra element' beyond copyright law protections") (emphasis added).

Here, just like in *Laws*, all three of Plaintiff's state law claims are premised on the notion that Bates used sound recordings of her voice – in which she allegedly owns the copyright – without her consent and without compensating her. *See, e.g.,* Complaint at ¶¶ 43, 46, 50-52, 59-60. Yet, the exclusive right to prevent others from using sound recordings without authorization is already provided for under the Copyright Act. *See* 17 U.S.C. §106(a) (under the Act, a copyright owner has the exclusive right "to reproduce the copyrighted work."). Indeed, Plaintiff's Complaint acknowledges as much by asserting that this action "arises under the Copyright Laws of the United States" and by requesting in her claim for declaratory relief a determination of "the parties rights and duties under the Copyright Act." Complaint at ¶¶ 16, 70.

Thus, Plaintiff's three state law claims are subject to dismissal based on copyright preemption.

## C.    <u>Separate and Apart From Preemption, Plaintiff's Implied Covenant Cause of Action Must Be Dismissed As Superfluous Under California Law.</u>

Even assuming, *arguendo*, that Plaintiff's second cause of action for breach of the implied covenant of good faith and fair dealing claim is not preempted by the Copyright Act, it must be dismissed nonetheless because it arises from the very same facts as the contract action and thus fails to state any independent claim for relief. *See Schertzer v. Bank of Am., NA*, 109 F.4th 1200, 1213–14 (9th Cir. 2024) (claims that "do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated."); *Careau & Co. v. Security Pac. Bus. Credit, Inc.*, 222 Cal.App.3d

1371, 1392 (1991) (finding that plaintiffs' implied covenant claim was "simply
duplicative of their two contract causes of action and thus may be disregarded").[5]

As shown from the face of Plaintiff's Complaint, there is effectively <u>no material
difference</u> between what is asserted in Plaintiff's first claim for breach of express
contract versus what is asserted in Plaintiff's second claim for breach of implied
covenant. Specifically, the breach of contract claim asserts that Bates breached his
agreement with Azam by exploiting her voice recordings while failing to "(a) disclose
the fact of such use to Azam or … the producers of the third-party projects, (b)
compensate Azam for such use, and/or (c) afford Azam the opportunity to seek
appropriate credit for the use." Complaint at ¶ 46. The breach of the implied covenant
claim asserts that Bates breached the implied covenant by "incorporating Azam's voice
… without Azam's knowledge or consent," "failing to compensate Azam," and "failing
to afford Azam the opportunity to negotiate for appropriate credit. *Id.* ¶¶ 50-52.
Essentially, the claims rely on <u>identical allegations of identical alleged breaches.</u> As a
result, the breach of implied covenant claim is superfluous and should be dismissed.

D. **Separate and Apart From Preemption, Plaintiff's Breach of Confidence
Cause of Action Must Be Dismissed Due To An Admitted Lack of Any
Confidential Information.**

A cause of action for "breach of confidence" under California law "is based upon
the concept of an implied obligation or contract between the parties that ***confidential
information*** will not be disclosed." *Ent. Rsch. Grp., Inc. v. Genesis Creative Grp., Inc.*,
122 F.3d 1211, 1226–27 (9th Cir. 1997) (emphasis added). Consequently, in order to

---

[5] A claim for breach of the implied covenant "is limited to assuring compliance with the
express terms of the contract, and cannot be extended to create obligations not
contemplated by the contract." *Spinks v. Equity Residential Briarwood Apartments*, 171
Cal. App. 4th 1004, 1033 (2009) ("The implied covenant of good faith and fair dealing
is limited to assuring compliance with the express terms of the contract, and cannot be
extended to create obligations not contemplated by the contract"). Thus, to the extent
Plaintiff's implied covenant claim purports to invoke obligations separate and apart
from her alleged express contract, such allegations must be disregarded by the Court.

14

assert such a claim, there must obviously be the alleged existence of <u>confidential information</u>. *See, e.g., In re Ambry Genetics Data Breach Litig.*, 567 F. Supp. 3d 1130, 1146 (C.D. Cal. 2021) (elements of breach of confidence claim are "(1) the plaintiff conveyed '***confidential and novel information***' to the defendant; (2) the defendant had knowledge that the ***information was being disclosed in confidence***; (3) there was an understanding between the defendant and the plaintiff that the ***confidence be maintained***; and (4) there was a disclosure or use in violation of the understanding.") (emphasis added).

Here, by Plaintiff's own allegations, her "breach of confidence" cause of action is missing the requisite element of "confidential information."[6]   And for good reason, as the very premise of the cause of action (just like Plaintiff's other three causes of action) is that Plaintiff <u>allowed</u> Bates to use her vocal recordings in connection with "certain agreed-upon projects" (*i.e.*, the four <u>publicly distributed</u> Prior Projects) but Bates then allegedly also used the recordings in other unauthorized projects.  *See* Complaint at ¶¶ 56-59.  Stated otherwise, as a matter of alleged fact, there could not have been any breach of confidence, since there was never any confidential information disclosed by Plaintiff to Bates. The subject vocal recordings were always intended to be used publicly; just not in the specific additional projects where Plaintiff claims they were used by Bates. *See Entertainment Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1227 (9th Cir. 1997) (affirming summary judgment on breach of confidence claim where the alleged confidential information was already in the marketplace); *Weygand v. CBS Inc.*, 1997 WL 377980, at *10 (C.D. Cal. May 21, 1997) (confidential status did not exist where script was deposited with Copyright Office).

---

[6] Indeed, it bears noting that the cause of action does not even include the words "confidence" or "confidential" among its specific allegations. *See* Complaint at ¶¶ 55-66.

Consequently, Plaintiff cannot maintain a cognizable claim for "breach of confidence."[7]

## IV. **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's First, Second, and Third claims for relief with prejudice and without leave to amend.

Dated: February 28, 2025            LAVELY & SINGER PC
                                     DAVID B. JONELIS
                                     MEGAN S. MALLONEE

                                     By:   /s/David B. Jonelis
                                           DAVID B. JONELIS
                                     Attorneys for Defendant TYLER BATES

---

[7] Bates anticipates that Plaintiff may attempt to bootstrap her breach of confidence claim to Paragraph 23 of her Complaint, which states: "Azam's recordings were provided to Bates with the expectation, known to Bates, that they would be held in confidence and not distributed beyond their anticipated incorporation into the scores and/or soundtracks of the project for which they were rendered." Complaint at ¶ 23. However, Plaintiff's mere use of the phrase "in confidence" in this paragraph does not negate her own admission (including as alleged in the same paragraph) that the subject recordings were "anticipated" to be used in publicly distributed "scores and/or soundtracks." *Id.* Thus, such recordings could not have been disclosed in confidence.

MOTION TO DISMISS

1

## <u>CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 11-6.2</u>

2

      The undersigned, counsel of record for Defendant Tyler Bates, certifies that this

3

brief contains 3,639 words, which complies with the word limit of L.R. 11-6.1.

4

5

Dated: February 28, 2025                  LAVELY & SINGER PC

                                       DAVID B. JONELIS

6

                                       MEGAN S. MALLONEE

7

8

                              By:   <u>*/s/David B. Jonelis*</u>

                                   DAVID B. JONELIS

9

                           Attorneys for Defendant TYLER BATES

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS